ANSTEAD, Chief Judge,
dissenting in part:
The violation of probation predicated on the finding that appellant engaged in a conspiracy to commit robbery should also be stricken because the finding was predicated on hearsay testimony. The only evidence presented to establish that a conspiracy existed was the testimony of a police officer that an informant had told him of the conspiracy. That proof would not even be admissible at a trial, and, while perhaps it is not reversible error to receive it in a probation revocation proceeding, such evidence may not serve as the sole predicate for establishing an essential element of an alleged probation violation. While the case law is confusing, I believe the rule to be that while the formal rules of trial procedure, including the receipt of evidence, do not apply at probation violation proceedings, the state must still submit competent proof, in the form of evidence that would be admissible at a criminal trial, of any alleged violation of probation. In other words, it is not necessarily harmful or reversible error to receive incompetent evidence in a revocation proceeding so long as other, competent proof is presented to sustain the finding of a violation.